UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYTELL HUDGINS,

Petitioner,

Civil Case No. 11-CV-15376

v.

HON. MARK A. GOLDSMITH

MARY BERGHUIS,

Respondent.
_____________________/

OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO AMEND HABEAS PETITION, (3) HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE, and (3) ADMINISTRATIVELY CLOSING THE CASE

## I. INTRODUCTION

Petitioner Lytell Hudgins is a state inmate incarcerated at the Brooks Correctional Facility in Muskegon, Michigan, pursuant to convictions for car jacking, armed robbery, attempted receiving and concealing stolen property, attempted receiving a stolen motor vehicle, and attempted unlawful driving away a motor vehicle. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming: (1) there was insufficient evidence presented at his trial to sustain his armed robbery and car jacking convictions; and (2) the prosecutor committed misconduct during closing argument. After Respondent filed his answer to the petition, Petitioner filed a motion to amend his petition to include two additional claims: (3) trial counsel was ineffective for failing to advise him to accept a plea bargain; and (4) appellate counsel was ineffective for failing to raise this new claim in the Michigan

Court of Appeals.

The Court will grant the motion to amend the petition to include these two new unexhausted claims. The Court will also stay the petition and hold it in abeyance while Petitioner presents his unexhausted claims to the state courts.[1]

## II. BACKGROUND

Following Petitioner's conviction, he filed an application for leave to appeal in the Michigan Court of Appeals, raising two claims: (1) insufficiency of the evidence; and (2) prosecutorial misconduct. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." People v. Hudgins, No. 299536, Order (Mich. Ct. App. Feb. 25, 2011).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The application raised the same two claims he presented to the court of appeals, and it added a claim of ineffective assistance of counsel. The Michigan Supreme Court denied leave to appeal. People v. Hudgins, 803 N.W.2d 327 (Mich. 2011).

Petitioner then filed the present habeas petition, raising the two claims presented to the court of appeals. After Respondent filed an answer, he moved to amend the petition to include claims of ineffective assistance of trial and appellate counsel.

## III. ANALYSIS

Petitioner moves to amend his petition to add two unexhausted claims. Federal Rule of Civil

---

[1] This Court has the discretion to stay the petition and hold it in abeyance even though Petitioner did not specifically request this Court to do so. See e.g., Banks v. Jackson, 149 F. App'x 414, 422, n.7 (6th Cir. 2005).

Procedure 15 provides that the Court should freely allow a party to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Here, Respondent has already filed an answer addressing Petitioner's exhausted claims. The Court concludes, however, that Respondent will not be prejudiced by allowing Petitioner to amend his brief to add these additional arguments because the Court will stay the case to allow Petitioner to exhaust his new claims. If Petitioner does not obtain relief in the state courts and moves to re-open this case, Respondent will be given an opportunity to file an amended answer.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal-constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845. A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas-corpus relief. See Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Because Petitioner only presented his ineffective assistance of counsel claims to the Michigan Supreme Court but not to the Michigan Court of Appeals, the claims are unexhausted. Petitioner still has a procedure available to exhaust these claims because he has not yet filed a motion for relief from judgment under Michigan Court Rule 6.500 et. seq.

A petition that contains unexhausted claims is subject to dismissal without prejudice. Rust v.

Zent, 17 F.3d 155, 160 (6th Cir. 1994). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, however, if (1) outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, (2) there is good cause for the petitioner's failure to exhaust those claims, (3) the unexhausted claims are not "plainly meritless," and (4) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

First, in this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this Court due to the expiration of the statute of limitations. See 28 U.S.C. § 2241(d)(1). A federal application for habeas corpus relief does not statutorily toll the limitations period. Duncan v. Walker, 533 U.S. 167, 172 (2001). Accordingly, the time during which the present petition had been pending in this court might be counted toward the limitations period if the petition were dismissed and then re-filed.

Next, the Supreme Court did not define "good cause" in Rhines, nor has the Sixth Circuit done so. See Bates v. Knab, 2011 WL 2785244, at *5 (S.D. Ohio July 15, 2011). A number of federal courts have concluded that the Rhines good cause requirement is less stringent than the good cause showing required in the context of procedural default. See, e.g., Lockridge v. Ludwick, 2009 WL 5217592, at *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under Rhines is something less than the cause needed to excuse a procedural default"). Petitioner states that his unexhausted claims were not presented in state court because of ineffective assistance of appellate counsel. If this allegation is true, then Petitioner will have shown good cause for failing to have exhausted his

ineffective assistance of trial counsel claim.

Next, the Court also must also determine whether Petitioner's unexhausted claims are "plainly meritless." In Rhines, the Supreme Court did not establish a standard for determining whether a petitioner's claims are "plainly meritless." Most courts applying the standard do so in conclusory fashion without weighing or even considering the evidence. See Anthony v. Palmer, 2011 WL 1532162, at *2 (E.D. Mich. Apr. 22, 2011) (granting stay under Rhines and holding that unexhausted claims are potentially meritorious with no analysis of merits of the claims); Wengorovius v. Scutt, 2009 WL 2849577, at *3 (E.D. Mich. Sept. 1, 2009) (granting stay and determining that unexhausted claims are not "plainly meritless" based upon an "initial review of the substance of the unexhausted issues" with no further discussion or analysis). A violation of the right to the effective assistance of counsel raises a constitutional claim. Thus, if supported by sufficient evidence, Petitioner's unexhausted claims are not plainly meritless.

Finally, Petitioner does not appear to be engaging in intentionally dilatory litigation tactics. Therefore, the Court stays further proceedings in this matter pending exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court should ensure that Petitioner does not delay in exhausting his state court remedies and impose time limits within which Petitioner must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his unexhausted claims in state court within 60 days from the date of this order by filing a motion for relief from judgment in the state trial court.

See id. Further, he must ask this Court to lift the stay within 60 of exhausting his state court remedies. See id. "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion to amend his petition is granted, and the petition is stayed and held in abeyance pending exhaustion of Petitioner's new claims. Petitioner shall file a motion for relief from judgment in state court within 60 from the date of this order and a motion to lift the stay and amended petition in this Court within 60 days after the conclusion of the state court proceedings. In addition, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

SO ORDERED.

Dated: June 10, 2013
Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager